1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HUNT, CDC #T-14900,<br><br>                                           Plaintiff,<br><br>              v.<br><br>SAN DIEGO POLICE OFFICER SPEARS, et al.,<br><br>                                           Defendants. | Civil No.   07cv00355 BEN (CAB)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO AMEND [Docket No. 14]; and**<br><br>**(2) DENYING DEFENDANTS' MOTION TO DISMISS [Docket No. 10].** |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

        Plaintiff, Robert Hunt, a state prisoner currently incarcerated at Pleasant Valley State Prison in Coalinga, California, and proceeding *pro se*, submitted a civil rights Complaint pursuant to 42 U.S.C. § 1983.  Plaintiff alleged excessive force was used by San Diego Police Officers in violation of his constitutional rights on March 23, 2005.  (*See* Compl. at 9-11.)

        On June 19, 2007, Defendants filed a Motion to Dismiss Plaintiff's Complaint.  (Docket No. 10.) On August 8, 2007, Plaintiff filed a notice of concession to the motion to dismiss and sought leave to file a First Amended Complaint.[1] (Docket No. 14.)

        Under Federal Rule of Civil Procedure 15(a), "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served."  A motion to dismiss is not a "responsive pleading" within the meaning of Rule 15.  *Tahoe-Sierra Preservation Council, Inc. v. Tahoe*

---

[1] This Court construes Plaintiff's notice of concession as a notice of non-opposition.

1  *Regional Planning Agency*, 216 F.3d 764, 788 (9th Cir. 2000); *see also Miles v. Department of Army*,

2  881 F.2d 777, 781 (9th Cir. 1989) (stating "[A] motion to dismiss the complaint is not a responsive

3  pleading."). Therefore, because "the filing of a [motion to dismiss] before [an] answer [does not]

4  terminate the right to amend[,] . . . a motion for leave to amend (though unnecessary) *must be granted* if

5  filed." *Breier v. Northern Cal. Bowling Proprietors' Ass'n*, 316 F.2d 787, 789 (9th Cir. 1963)

6  (emphasis added).

7          In this case, Defendants did not file an Answer. Instead, Defendants filed a motion to dismiss.

8  Because a motion to dismiss is not a responsive pleading, Plaintiff retained the right to amend his

9  complaint once "as a matter of course" pursuant to Rule 15(a), and was not required to seek leave of

10  court in order to amend his complaint. However, because Plaintiff has requested leave of court, his

11  Motion to Amend is **GRANTED**.

12          Granting Plaintiff's motion to amend means his First Amended Complaint becomes the operative

13  pleading for purposes of the present motion to dismiss. Accordingly, this Court **DENIES** Defendants'

14  Motion to Dismiss as moot and **GRANTS** Defendants leave to file a renewed motion.

15  **IT IS SO ORDERED.**

16

17  DATED:  August 16, 2007

18
                                                         _____
19                                                       Hon. Roger T. Benitez
                                                         United States District Judge
20

21

22

23

24

25

26

27

28

07cv00355 BEN (CAB)