UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HUNT,<br><br>                            Plaintiff,<br><br>         v.<br><br>SAN DIEGO POLICE OFFICER SPEARS, et al.,<br><br>                            Defendants. | Civil No.   07cv00355 BEN (CAB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL [Doc. # 24]** |

Plaintiff Robert Hunt, a state prisoner proceeding *pro se*, filed this action under 42 U.S.C. § 1983. Plaintiff seeks appointment of counsel. Plaintiff's motion is **DENIED.**

Plaintiff has not made the showing required for appointment of counsel in civil cases. An indigent's right to appointed counsel has been recognized to exist "only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Department of Social Services of Durham County, N. C.*, 452 U.S. 18, 25 (1981). Appointment of counsel in proceedings *in forma pauperis* is governed by 28 U.S.C. § 1915(d), which "confers on a district court the discretion to designate counsel to represent an indigent civil litigant." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (internal citation omitted). "The court may appoint counsel under section 1915(d) only under 'exceptional circumstances.'" *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (internal citation omitted). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (internal citations omitted). "Neither of these factors is dispositive and both

must be viewed together before reaching a decision." *Id.* (internal citation omitted).

Plaintiff has not demonstrated a particularly high likelihood of success on the merits. Plaintiff alleges Defendants subjected him to physical, emotional, and mental abuse in violation of his civil rights under the Fourth and Fourteenth Amendments.[1] (First Amended Complaint at 4-6.) In order to prevail on these excessive force claims, Plaintiff will have to show each individual Defendant's actions were objectively unreasonable under the circumstances. *Graham v. Connor*, 490 U.S. 386, 388, 396 (1989). At this point, Plaintiff relies only upon the allegations in his Complaint. The likelihood of success on the merits is therefore unclear.

In addition, Plaintiff has not shown a lack of ability to articulate his claims *pro se*. Plaintiff argues his incarceration "will greatly limit his ability to litigate this case." (Pl.'s Mot. for App't of Counsel at 6.) However, incarceration and the resulting limitations on the ability to litigate are common in a § 1983 case. Moreover, Plaintiff's previous filings with the Court, as well as the pending motion, indicate Plaintiff is capable of presenting legal and factual arguments to the Court.

Finally, courts should treat *pro se* litigants with great leniency. This rule is particularly important in civil rights cases. *See Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th Cir. 1992) (citations omitted). Plaintiff's papers will receive due consideration.

Based on the above, this case does not present the extraordinary circumstances required for appointment of counsel. Accordingly, Plaintiff's Motion for Appointment of Counsel is **DENIED** without prejudice.

**IT IS SO ORDERED**.

DATED: October 15, 2007

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge

---

[1] Plaintiff also alleged Defendants committed an assault against him in violation of California Penal Code section 149. (First Amended Complaint at 5.) However, on the same day as this order, the Court issued a Report and Recommendation which recommended the claim be dismissed without leave to amend because this provision of the California Penal Code does not provide for a private right of action. [*See* Doc. # 25.]