FILED

08 APR 23 PM 12:50

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HUNT,<br><br>             Plaintiff,<br><br>   v.<br><br>SAN DIEGO POLICE OFFICER SPEARS, et al.,<br><br>             Defendants. | Civil No. 07cv355-BEN (CAB)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION RE DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>[Doc. Nos. 32, 37] |

Plaintiff Robert Hunt ("Plaintiff" or "Hunt"), proceeding *pro se*, brought this action for violations of his civil rights under 42 U.S.C. § 1983. Doc. No. 1. On June 19, 2007, Defendants San Diego Police Chief and Detective Schneider ("Defendants") moved to dismiss Plaintiff's Complaint. Doc. No. 10. Plaintiff then filed a First Amended Complaint on August 16, 2007 – before the Court had an opportunity to rule on the Motion to Dismiss. Doc. No. 16.

Defendants filed a Motion to Dismiss First Amended Complaint on August 31, 2007. Doc. No. 18. In a well-reasoned Report and Recommendation ("First Report"), which this Court adopted, the Honorable United States Magistrate Judge Cathy Ann Bencivengo recommended that the Defendants' Motion be granted. *See* Doc. No. 25. After considering Plaintiff's objections to the Report, the Court dismissed the First Amended Complaint. *See* Doc. Nos. 28, 29. The Court instructed Plaintiff that he could have one <u>final</u> opportunity to amend his Complaint. Doc. No. 29.

Plaintiff filed a Second Amended Complaint ("SAC") on December 14, 2008. Doc. No. 30. A

Motion to Dismiss followed on January 3, 2008. Doc. No. 32. On February 26, 2008, Judge Bencivengo issued a second Report and Recommendation ("Second Report"), recommending a dismissal of Plaintiff's claims against Defendants with prejudice. Doc. No. 37. Plaintiff filed timely Objections to the Report on March 27, 2008. Doc. No. 41. Having considered the Report and the Objections, the Court adopts Judge Bencivengo's Report in its entirety.

First, in his Objections to the Second Report and Recommendation, Plaintiff apparently wants the Court to confirm on the record that he, in fact, filed Objections to the First Report. As discussed above, Plaintiff did file timely Objections to the Judge Bencivengo's First Report and Recommendation. The Court duly considered his Objections when deciding to dismiss Plaintiff's First Amended Complaint. As for the Second Report's statement that Plaintiff had failed to file an opposition to Defendants' Motion to Dismiss Second Amended Complaint, the Court finds this statement factually correct – the docket does not reflect that Plaintiff attempted to file or filed an opposition to the Motion to Dismiss.[1] In any event, the outcome of this case is not premised on Plaintiff's failure to file an opposition to the Motion to Dismiss.

Second, Plaintiff claims in his Objections that – because Defendants never filed an answer to the Second Amended Complaint – the Court should enter a default judgment against them. Under the Federal Rules of Civil Procedure, however, an answer must be filed ten days after the Court's denies the defendants' motion. Fed. R. Civ. Proc. 12(a)(4). Because Defendants' Motion to Dismiss is currently pending, an answer to the Second Amended Complaint would have been premature at this stage. In fact, Defendants would only have to file such an answer if the Court denied their Motion to Dismiss. *See id.*

Next, Plaintiff objects to the Court's previous order, which adopted the First Report and limited his claims to the previously brought claims for the violations of the First and Fourteenth Amendment. *See* Doc. Nos. 25, 29. However, as apparent from the Court's December 10, 2007, Order, Plaintiff failed to object to this recommendation in the Report. Pursuant to 28 U.S.C. § 636 (b)(1)(C), "[a] judge of the [district] court shall make a *de novo* determination of those portions of the [magistrate judge's] report or

---

[1] In support of his contention that he "did file" an opposition to Defendants' Motion to Dismiss Second Amended Complaint, Plaintiff attaches to his Objections as "Exhibit A" his Objections to the First Report. As discussed above, these Objections have, in fact, been filed and considered by the Court. *See* Doc. Nos. 28 (Objections) and 29 (Order). As such, the Court finds this contention without merit.

specified proposed findings or recommendations to which objection is made." Thus, the governing "statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo **if objection is made**, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005) ( "Of course, *de novo* review of a [Report] is only required when an objection is made to the [Report]." ) (citation omitted)). Because Plaintiff failed to object to this conclusion in the First Report, the Court will not consider his untimely objection.

Plaintiff further claims he is "confused" regarding what version of the Second Amended Complaint is currently pending before the Court. He states that he was "on a constant lock down" at the time the Second Amended Complaint was filed. The Court notes that Plaintiff's purported confusion stems from Plaintiff's apparent urge to make numerous, repetitive, and noncompliant filings with this Court. Since the commencement of this action in 2007, Plaintiff attempted to file at least nine noncompliant documents with the Court. The vast majority of these documents were accepted, despite the nonconformities. The only documents rejected by the Court were duplicate motions and attempts at an ex parte communication with the Court.

As the Court has previously explained to Plaintiff in its January 24, 2008, Discrepancy Order, the Second Amended Complaint was filed on December 14, 2007, and it appears under Docket No. 31. This Second Amended Complaint bears a date in Plaintiff's handwriting of November 7, 2007 and a title "Amended Complaint Under 42 U.S.C. Section 1983, Violation of the Fourth and Fourteenth Amendment of the U.S. Constitution." Therefore, while reflecting a later "filed" date, the SAC was received by the Court at an earlier date. However, it was docketed on December 14, 2007. This was done in order to eliminate possible confusion and to prevent a premature filing of the SAC while the objections to the First Report were still pending.

Finally, Plaintiff appears to object to the Second Report because – in his opinion – the Second Report has failed to construe his claims liberally. While it is true that the Court must liberally construe *pro se* civil rights complaints, no amount of liberal interpretation can cure the deficiencies of Plaintiff's Second Amended Complaint. *Holley v. Crank*, 400 F.3d 667, 674 (9th Cir. 2005). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not

initially pled." *Ivey v. Bd. of Regents of University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) (internal citation omitted). Furthermore, courts do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). In this case, Judge Bencivengo correctly concluded that Plaintiff failed to show how the named Defendants caused or personally participated in causing the alleged harm. Doc. No. 37, at 3 (citing *Arnold v. Int'l Bus. Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981)). The Court agrees that Plaintiff failed to make any specific allegations against the named Defendants.

In conclusion, the Court **ADOPTS** Judge Bencivengo's Report in full. Accordingly, Defendants' Motion to Dismiss Second Amended Complaint is **GRANTED**. Plaintiff's claims against Defendants Schneider and the San Diego Police Chief are **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

DATED: 4/23/08

Hon. Roger T. Benitez
United States District Judge